```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ALABAMA
                         NORTHEASTERN DIVISION
```

MIKEL NANCE,                    )
                                )
     Plaintiff,                 )
                                )
vs.                             )   Civil Action No. CV-98-S-2183-NE
                                )
CAMPBELL ENGINEERING, INC.,     )
                                )
     Defendant.                 )

## MEMORANDUM OPINION

This court dismissed plaintiff's claims under Title VII and 42 U.S.C. § 1981 for disparate treatment and a racially hostile work environment, along with his claim under the Fair Labor Standards Act by means of a memorandum opinion and order entered on April 14, 2000. (Doc. Nos. 61 & 62). The action now is before the court on plaintiff's motion to alter or amend the order granting summary judgment to defendant (Doc. No. 64).

Plaintiff first contends this court's marginal observation to the effect that "[a]n examination of the evidence in this case reveals that Nance made a number of material misrepresentations on the employment application he submitted to Campbell Engineering"[1] prejudiced plaintiff's entire case with the court:

---

[1] Doc. No. 61, at 5 n.5. Plaintiff not only misrepresented that he graduated from high school, but also exaggerated his training background in carpentry. See, e.g., Deposition of Mikel Nance, attached as Exhibit H to defendant's evidentiary submission in support of its renewed motion for summary judgment (Doc. No. 46), at 66-67, 112-13, 116-17.



> In its Order, the Court found that the Plaintiff had "made a number of material misrepresentations on the employment application he submitted" to the Defendant. This determination no doubt has prejudiced the Plaintiff's entire case with the Court. However, what is telling is the fact that the Plaintiff did present evidence that he was actually able to perform his employment duties .... Therefore, any such exaggerations on the Plaintiff's part concerning his background is immaterial to the issues of this case, i.e., the wrongful termination of his employment. In addition, the Plaintiff had presented evidence of other employees of Defendant with exaggerated qualifications ....[2]

Plaintiff is correct to the following extent. The fact that this court made mention of such misrepresentations in a footnote implicitly underscores that they were <u>not</u> of material importance to resolution of the predominant issue in this case: whether the termination of plaintiff's employment by defendant was unlawful, because it was motivated by a racially discriminatory animus. Plaintiff's misrepresentations during the hiring process have no genuine relevance to that controlling issue. Stated differently, the circumstances surrounding plaintiff's <u>hiring</u> by defendant were not considered by the court in analyzing the circumstances surrounding defendant's <u>discharge</u> of plaintiff.

Plaintiff next contends that defendant's treatment of him as a "probationary" employee was a "smokescreen" for unlawful discrimination. Plaintiff concludes his termination thereby

---

[2] Plaintiff's motion to alter or amend judgment (Doc. No. 64), at ¶ 1.

2

violated Title VII and 42 U.S.C. § 1981, in light of the fact that he could have been transferred to another position within the company. In its memorandum opinion, this court assumed *arguendo* that Nance "was qualified for the position he held, or for some other position in the company on the date of discharge."[3] The uncontroverted evidence revealed, however, that plaintiff was but one of twenty-six employees laid off in late 1997 and early 1998. Twenty-four of those twenty-six employees were Caucasian. Further, plaintiff failed to adduce sufficient evidence rebutting the statement of defendant's President, Richard A. Campbell, that Nance was selected "for layoff in accord with our practice of laying off the most recently hired employees in the jobs affected by the layoff."[4]

Plaintiff next argues that an issue of fact exists regarding whether Richard A. Campbell was on notice that racially hostile remarks were being made in the workplace. Plaintiff, in answering interrogatories, states that he complained about racial slurs to Campbell. Campbell, in affidavit, states that racial slurs in the workplace were never brought to his attention, either by plaintiff

---

[3] Doc. No. 61, at 16.

[4] Affidavit of Richard A. Campbell, attached as Exhibit A to defendant's evidentiary submission in support of its renewed motion for summary judgment, at ¶ 11.

or any other employee of Campbell Engineering.[5] This disagreement on the facts, however, is not <u>material</u> to resolution of plaintiff's disparate treatment or hostile work environment claims.

As to disparate treatment, plaintiff failed to adduce sufficient evidence indicating that <u>Campbell</u> harbored a discriminatory animus. Viewing the facts in a light most favorable to plaintiff, this court must assume that plaintiff personally informed Campbell that certain employees who had no input into the decision-making process at issue were making statements in the workplace that clearly indicated a racial animus. The key point, however, is that those employees had no influence over Campbell regarding his decision to separate Nance from his employment as part of the reduction-in-force. That is, Campbell's alleged knowledge of such statements by non-decisionmakers cannot directly impute a discriminatory animus to him.[6] Rather, that evidence must

---

[5] Trea Gilbreath, another African-American employee formerly employed by Campbell Engineering, stated in deposition that he did not believe Campbell was aware of any racial statements being made in the workplace. *See* Deposition of Trea Gilbreath, attached as Exhibit F to defendant's evidentiary submission in support of its renewed motion for summary judgment, at 110.

[6] *See* authorities cited by defendant in its brief in support of renewed motion for summary judgment (Doc. No. 45), at 32-34. *E.g.*, *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 1804-05, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring) ("Thus, stray remarks in the workplace, while perhaps probative of sexual harassment, ... cannot justify requiring the employer to prove that its hiring or promotion decisions were based on legitimate criteria. Nor can statements by nondecisionmakers, or statements by decisionmakers unrelated to the decision process itself, suffice to satisfy the plaintiff's burden ....").

4

be compared with the legitimate, nondiscriminatory reasons proffered by Campbell in discharging plaintiff. When viewed through that lens, plaintiff's allegations are not sufficient to establish pretext. The remarks made by non-decisionmakers bear no connection to Campbell's commencement of a race-neutral reduction-in-force.[7]

As to Nance's hostile work environment claim, Campbell's awareness of such statements merely satisfies one of the five elements required to prove the existence of a racially hostile work environment: "there must be a basis for holding the employer liable for the harassment either directly or indirectly." *Mendoza v. Borden, Inc.*, 158 F.3d 1171, 1175 (11th Cir. 1998). In this case, plaintiff has failed to prove another element of his racially hostile work environment claim: that "the harassment must have been sufficiently severe or pervasive to alter the conditions of employment." *Id.* Thus, Nance's contention regarding Campbell's awareness of alleged racially hostile statements fails to cure other deficiencies associated with his racially hostile work environment claim.

---

[7] "Racial statements uttered in the workplace by other Campbell Engineering employees who were not involved in the challenged employment action, therefore, are appropriately addressed in the context of Nance's hostile work environment claim, not his disparate treatment claim." Doc. No. 61, at 14.

For the foregoing reasons, plaintiff's motion to alter or amend this court's granting of summary judgment is due to be denied. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **3rd** day of May, 2000.

                                                /s/ Lynwood Smith
                                        United States District Judge